# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **TERRY HARRIS, DOROTHY WATFORD,** and the class of independent representatives in Networker 2000, Co., Inc. and Wealth Builders International, | ) ) ) ) ) |
| **PLAINTIFFS,** | ) ) |
| vs. | ) ) **CASE NO.: CV-05-TMP-0814-S** |
| **JOSEPH BORG,** individually and in his capacity as Commissioner of the Alabama Securities Commission, | ) ) ) ) ) |
| **DEFENDANT.** | ) |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

**COMES NOW** the Defendant Joseph Borg, (hereinafter "Borg") who is sued individually and in his official capacity as Director of the Alabama Securities Commission (hereinafter "ASC") and files this Motion to Dismiss the Plaintiffs' Complaint or, in the alternative, to transfer the action to the U.S. District Court for the Middle District of Alabama.

Borg moves this Court to dismiss the Complaint pursuant to FED. R. CIV. P. Rules 12(b)(6) or to dismiss the Complaint or, in the alternative, transfer it to the U.S. District Court for the Middle District of Alabama pursuant to Rule 12(b)(3) on the following grounds:

### Motion to Dismiss under Rule 12(b)(3): Improper Venue

1.  Plaintiff has not alleged facts sufficient to establish that venue is proper in the United States District Court for the Northern District of Alabama. Borg admits that Plaintiffs reside in Jefferson County, Alabama and that the businesses identified in paragraph 1 of the Complaint have their principal places of business in that county. Borg asserts, however, that

those admissions do not establish venue in this Court. Venue is this action is determined by 28 U.S.C.A. Section 1391 (b), under which standard, the residences of the plaintiffs and the addresses of their businesses are irrelevant. Venue for this action lies: 1) where the defendant resides, 2) where a substantial part of the events or omissions occurred or a substantial part of the property that is the subject of the action is situated or, 3. where the defendant may be found, if there is no district in which the action may otherwise be brought. The Plaintiffs have alleged none of these bases for venue.

Borg denies that he resides in the Northern District of Alabama in either his individual or official capacities. He personally resides in the Middle District of Alabama and performs his official duties at the Alabama Securities Commission offices, also located in that district.

Borg denies that this is an action *in rem* and asserts that it is, instead, a suit for damages and injunction. There is no property, which is the subject of this action, which has or does exist in this district. While not conceding that it is relevant for venue purposed, Borg even denies that the property mentioned in the complaint was in this district. The accounts that were liquidated were liquidated by Plaintiff Harris, acting through his attorney, by written instructions to Charles Schwab & Company, Inc. in San Francisco, California. Copies of the letters ordering liquidation bearing Schwab's address are attached hereto. Therefore, no property located in this district could have been affected by the defendant's acts or admissions.

Borg denies that there was any "taking" of property located in this district. The account liquidation described in the Complaint was ordered by Plaintiff Harris in an unsuccessful attempt to avoid prosecution for securities violations relating to those accounts.

Borg denies that any of his actions allegedly constituting a taking of property by him or by the State occurred in the Northern District of Alabama. Instead, Borg asserts that all of his

actions regarding the Plaintiffs occurred in the offices of the Alabama Securities Commission in Montgomery, Alabama and asserts that plaintiff Harris was indicted, prosecuted and pled guilty in Montgomery, County, Alabama. All of the documents relating to Borg's actions are in the offices of the ASC in Montgomery, Alabama.

For the foregoing reasons, Borg asserts that the Plaintiffs have not alleged proper venue in this district, that such venue is improper and that this action should be dismissed or the claims transferred to the Middle District of Alabama. The Middle District contains the seat of State government; it is where the defendant and the ASC reside; it is where the acts complained of allegedly occurred; and it is where the evidence of the defendant's acts and omissions rests.

**Motion to Dismiss under Rule 12(b)(6)**

2. The Complaint fails to state a claim against Borg upon which relief can be granted in that the Complaint fails to allege facts that could establish violations of any of the statutes the plaintiffs cite or which could overcome the defendant's immunities.

   a. The Plaintiffs make only conclusory and vague allegations of wrongdoing that do not advise the defendant of the nature of the rights, privileges or immunities secured by the Constitution or the laws of the United States to which they were allegedly deprived. They state no specific factual basis for any claim of race discrimination, stating only that they are African American.

   b. Based on the facts alleged in the complaint, the defendant is entitled to several immunities: immunity under the Eleventh Amendment of the U.S. Constitution and Article 1, Section 14 of the Constitution of Alabama; qualified, good-faith and discretionary immunity as to all claims asserted against him in his individual capacity; statutory immunity under Section 8-6-22 of the Code of Alabama; and

prosecutorial immunity while performing prosecutorial functions. The plaintiffs state no facts that would allow them to overcome these immunities. The plaintiffs, for example, state no violation of any established statutory or constitutional right of which a reasonable person would have known that could defeat the defendant's qualified immunity. Much less, do they provide any allegations that would allow them to defeat the absolute immunities?

Respectfully submitted,

**s/Bruce J. Downey, III**
**BRUCE J. DOWNEY, III (ASB-9205-W86B)**
CAPELL & HOWARD, P.C.

**s/Jane L. Brannan**
**JANE L. BRANNAN (ASB-5811-A61J))**
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR DEFENDANT JOSEPH BORG

OF COUNSEL:

CAPELL & HOWARD, P. C.
150 S. Perry St. (36104)
P. O. Box 2069
Montgomery, Alabama 36102-2069
Phone: (334) 241-8060
Facsimile: (334) 241-8260
Email: bjd@chlaw.com

ALABAMA SECURITIES COMMISSION
770 Washington Ave., Ste. 570
Montgomery, AL 36130-4700
Phone: (334) 242-2984
Facsimile: (334) 353-4690
Email: jbrannan@asc.alabama.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that copies of the foregoing document were served upon the below named individuals by mailing copies of same, postage prepaid and properly addressed this, this the 27th day of June, 2005:

Mr. Terry Harris
Ms. Dorothy Watford
8315-B 1st Avenue, North
Birmingham, Alabama 35206

        **s/Bruce J. Downey, III**
        **OF COUNSEL**