IN THE UNITED STATES DISTRICT COURT[1]
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY HARRIS, ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | **CASE NO.: CV-05-TMP-0814-S** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOSEPH BORG,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

Come now the Plaintiffs, by and through Terry Harris, and Responds to Defendant's Motion to Dismiss on the following grounds:

**I.   Venue is not improper.**

Defendant alleges that venue is improper because "there is no property, which is the subject of this action, which has or does exists in this district." (Defendant's Motion, p. 2). Plaintiff asserts that Defendant's assertion is untrue. This is an action for the taking of property which was held in Birmingham, Alabama. The property taken consisted of funds in an investment account. Plaintiff, through Wealth Builders International, maintained options trading accounts with Charles Schwab & Company, Inc., a stock broker. These accounts were opened in Birmingham, Alabama. The options were intangible rights to buy securities; however, after the Defendant ordered the liquidation of the options, the proceeds therefrom were deposited in cash in AmSouth Bank and Compass Bank in Birmingham, Alabama. (Exhibits 1 and 2). These funds were taken from Plaintiffs while these funds were in Birmingham, Alabama.

The principle place of business and operation of Wealth Builders International is in Birmingham, Alabama. The trading activity which created the property later seized by Defendant was done in Birmingham, Alabama. All of the records associated with Wealth Builders International were in Birmingham, Alabama when seized.

Plaintiffs have alleged sufficient contact with the Northern District of Alabama to justify venue in the Northern District of Alabama, Southern Division.

### II.     Plaintiffs have alleged sufficient facts to overcome a 12(b)(6) Motion

a. Defendant seeks dismissal under Rule 12(b)(6) F.R.Civ.P. In support of the request for dismissal Defendant claims that "they state no specific factual basis for any claim of race discrimination, stating only that they are African Americans." (Defendant's Motion, p. 3). This averment that the actions of Defendant were taken based on Plaintiffs' race is sufficient to withstand a 12(b)(6) Motion. Such being the case, Defendant's option is to seek summary judgment on this issue, rather than by way of Rule 12(b)(6).

b. Defendant also asserts that he has certain immunities and that "Plaintiffs state no fact that would allow them to overcome these immunities. The Plaintiffs, for example, state no violation of any established statutory or constitutional right of which a reasonable person would have known that could defeat the Defendant's qualified immunity." (Defendant's Motion, p. 4).

Such an averment is, again, untrue. Plaintiffs have asserted that as a result of the Order of Liquidation issued by Defendant "the liquidation of said accounts were done at a substantial loss and amounted to a taking of their property." Plaintiff further asserted that "The Cease and Desist Order and the Order to Liquidate, violated the Civil Rights Act of 1877, 42 U.S.C. Section 1983

and the Fifth and Fourteenth Amendments of the U.S. Constitution by violating Plaintiffs' clearly established rights to have a procedural due process hearing before the taking of their property."

This is a clearly established Constitutional Right that property of an individual should not be taken without procedural due process, which includes a hearing and a notice to be heard. Plaintiffs were denied this right. This Right is so clear that a reasonable would have known that procedural due process required a hearing before taking and anyone who violated this clearly established Fifth and Fourteenth Amendments Rights would forfeit his or her qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

### III. Conclusion.

Based on the foregoing, the Plaintiffs have alleged sufficient facts upon which this court should deny Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ Terry Harris
Terry Harris
8315-B First Avenue, North
Birmingham, Alabama 35206

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on this the 25th day of July, 2005, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Bruce J. Downey, III
CAPEL & HOWARD, P.C.
150 S. Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069

/s/ Terry Harris

3