IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY HARRIS, DOROTHY WATFORD, and the class of independent representatives in Networker 2000.com, Inc., and Wealth Builders International, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 2:05-cv-814-TMP |
| JOSEPH BORG, individually and in his capacity as Commissioner of the Alabama Securities Commission, ) ) ) ) | |
| Defendant. ) | |

ORDER TRANSFERRING VENUE

This cause is before the court on the motion to dismiss, or alternative motion to transfer venue, filed by the defendant on June 27, 2005. The court agrees that venue must be transferred to the United States District Court for the Middle District of Alabama.

Plaintiffs Terry Harris and Dorothy Watford filed suit on April 18, 2005, for themselves and purportedly in behalf of a class of plaintiffs described only in the caption of the case as "the class of independent representatives in Networker 2000.com, Inc., and Wealth Builders International."[1] The complaint was explicitly grounded on the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the Constitution, with jurisdiction invoked under 28 U.S.C. § 1331 and §§ 2201 and 2202.[2] Although paragraph 1 of the complaint alleges that "[t]his is a suit for race

---

[1] The complaint does not otherwise describe the plaintiff class. It does not identify the type or nature of the personal interests of the purported class members in the litigation.

[2] The references to 28 U.S.C. §§ 2201 and 2202 identify the Declaratory Judgment Act as a basis for federal jurisdiction. Plainly, the Declaratory Judgment Act cannot serve as an

discrimination...," paragraphs 12 through 17, setting out the nature of plaintiffs' claim allege a denial of procedural due process of law and a taking of property. In particular, the complaint asserts that defendant, both individually and as Commissioner of the Alabama Securities Commission, issued two orders on April 17 and 18, 2005, requiring Wealth Builders International and Networker 2000.com, Inc., to cease and desist operations as investment vehicles and to liquidate all stock and option positions held by these entities. Plaintiffs allege that these orders caused them to suffer a loss on the stocks and options required to be liquidated, and that this amounted to a taking of property without compensation and without procedural due process of law. Plaintiff seek declaratory and injunctive relief, as well as compensatory damages.

The motion to dismiss, or alternative motion to transfer venue to the middle District of Alabama, argues that venue in the Northern District is improper, and that the complaint either should be dismissed or transferred to the proper venue. Citing 28 U.S.C. § 1391(b), defendant contends that he does not reside in the Northern District of Alabama and that a substantial part of the events constituting the cause of action did not occur here. A response to the motion was filed purportedly by plaintiffs on July 25, 2005, but the court notes that the response was signed only by plaintiff Terry Harris. As Harris is not a member of the court's bar, he could not file the response on behalf of co-plaintiff Watford, nor on behalf of the proposed class of plaintiffs. The court can treat the response

---

independent basis for asserting federal jurisdiction. "'[T]he operation of the Declaratory Judgment Act is procedural only.' Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617 (1937). If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act 'allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action.' Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir.1987)." Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003); see also Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489 (11th Cir. 1988). Oddly, plaintiffs do not invoke 28 U.S.C. § 1343 as a jurisdictional ground.

only as Harris's *pro se* filing. To the extent it was intended to be the response of the other plaintiffs, it is STRICKEN.

As described in the complaint, this is an action for damages and other relief due to actions taken by the defendant that allegedly caused plaintiffs to lose property without due process of law. The legal theories underlying the claim rest explicitly on provisions of the Constitution and § 1983. Thus, because jurisdiction for this action is grounded at least partly on the Civil Rights Act, the test for proper venue is found at 28 U.S.C. § 1391(b), which states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plainly, subsections (b)(1) and (b)(3) do not place venue in the Northern District because it is undisputed that the defendant resides in the Middle District and that district is one in which this action could be brought. The only issue is whether "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Northern District. The court does not believe this to be the case.

The act or decision at the core of the plaintiffs' claim is the decision by defendant to issue the cease and desist order and the liquidation order, which appears to have been taken in the Middle District. Although it may be true that some consequences of the decision played out in the Northern District, the alleged basis for the defendant's potential liability — the decision to issue the orders without a prior due process hearing — took place wholly in the Middle District. Using the language

of § 1391(b)(2), "the events ... giving rise to the claim" were the decisions made in Montgomery leading to the issuance of the cease and desist orders, not the business being conducted by plaintiffs. Furthermore, the liquidation of accounts complained of occurred in San Francisco, California, not the Northern District of Alabama. To the extent that plaintiffs complain about the lack of a due process hearing, such would have occurred at the offices of the Alabama Securities Commission in the Middle District. Other than alleging that the *plaintiffs* reside in the Northern District and that the Northern District was the principal place of business of Wealth Builders International and Networker 2000.com, Inc. (which is nothing more that another residence argument), plaintiffs do not describe any *substantial* part of the events constituting their claim that occurred in this district. The orders issued were issued in Montgomery (albeit received by plaintiffs in Birmingham); the assets liquidated were located in accounts maintained by a broker in San Francisco (albeit with an office in Birmingham); the due process hearing plaintiffs claim they were entitled to would have occurred in Montgomery, not Birmingham.

Consequently, the court concludes that the defendant's motion for change of venue is due to be and hereby is GRANTED, and the Clerk is DIRECTED to TRANSFER this action to the Middle District of Alabama upon the expiration of fifteen (15) days following this Order, unless it is further stayed by subsequent Order.

DONE this 19th day of October, 2005.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE