IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRY HARRIS, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:05-1083-F |
| | ) |
| **JOSEPH BORG, etc.,** | ) |
| | ) |
| Defendant. | ) |

<u>**DEFENDANT'S RESPONSE**</u>

COMES NOW the Defendant, Joseph Borg, and in response to the Plaintiffs' complaint, states as follows:

**I. General Response.**

1. The Defendant admits that the Plaintiffs purport to bring this action as they allege and denies the applicability of the cited statutes to this action.

2. The Defendant is not sufficiently aware of the residences of the Plaintiffs. For that reason, he denies this allegation. The Defendant specifically denies that there was any "taking" of property from the Plaintiffs and denies that any property was "taken" in Jefferson County, Alabama. The Plaintiffs were investigated for violation of Alabama securities laws by the Alabama Securities Commission ["ASC"] of which the Defendant is Director. While he was under investigation, and upon the advice of his attorney, Plaintiff Harris caused certain securities which were being held in California to be liquidated, returning some of the proceeds of that liquidation to the investors. He took these actions on his own accord, and neither the Defendant nor ASC compelled him to do so. His attempt to avoid prosecution was unsuccessful, and he was prosecuted and convicted of securities violations in the Circuit Court of Montgomery County, Alabama, Judge Johnny Hardwick presiding. This prosecution was initiated by the State of Alabama after Harris was indicted by the Grand Jury in Montgomery County. The Defendant

1059303                                    1

knows of no basis for Plaintiff Watford's contention that there was a taking of her property and denies that there was such a taking.

3. Admitted. It was Plaintiff Harris' actions in these capacities that led to his conviction.

4. Admitted, except that the Defendant lacks knowledge of Plaintiff Watford's roles in these entities.

5. Denied. Plaintiffs do not describe any class and their claims do not meet any of the requirements for class treatment.

6. Denied.

7. Denied.

8. Denied. The Plaintiffs do not describe any class. If they are alleging a class composed of the victims of Plaintiff Harris' securities violations, Defendant alleges that, as a convicted securities law felon, Plaintiff Harris cannot be a proper representative of any such class. Plaintiff Watford alleged no basis for her suitability as a class representative of any, as yet undescribed, class.

9. Denied.

10. Denied.

11. Denied. The Defendant is not the Commissioner or even a Commissioner of ASC. He, like any citizen with official responsibilities, is subject to the cited statute. The Constitutional provisions cited by Plaintiffs are not applicable to individuals.

12. The Defendant realleges his prior responses.

13. Denied. The ASC issued the referenced cease and desist order, not the Director. The order required the Plaintiffs to cease violating the Alabama securities laws. It did not order any specific liquidation of stock or options.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

WHEREFORE, the Plaintiffs suffered no damages and are not entitled to any relief. The Defendant asserts that this action was not filed in good faith and does not meet the minimal requirements of the Federal Rules of Civil Procedure. Therefore, the Plaintiffs should be held liable to the Defendant for his costs and fees.

**II. Additional defenses.**

1. Failure to State a Claim. The Plaintiffs' complaint does not state a basis for a claim against the Defendant who acted in this matter in good faith in fulfillment of his responsibilities as Director of ASC.

2. Immunity. The Defendant is entitled to absolute, prosecutorial and qualified immunity, individually and in his role as Director of ASC.

3. Issue Preclusion. Based on the Plaintiff Harris' conviction of securities violations, he is precluded from arguing that he was not guilty of said acts or that ASC and the Defendant acted improperly or without cause in attempting to stop these violations. Harris lacks the capacity to properly represent any class of persons who were victimized by his schemes.

4. Estoppel and Lack of Standing. Defendant pleads judicial estoppel and lack of standing as to Plaintiffs' claims.

5. Waiver. To the extent that the Plaintiffs have waived any rights asserted in their complaint, Defendant asserts that waiver.

6. Lack of Clean Hands. Plaintiffs, by their actions, have lost any entitlement to equitable relief.

7. Statute of Limitations. To the extent that any of the Plaintiffs' claims are barred by any statute of limitation or repose, Defendant asserts those defenses.

8. Procedural Prerequisites. To the extent that any of the Plaintiffs' claims have procedural prerequisites, the Defendant asserts the absence of those prerequisites as a defense.

9. The amount of damages that Plaintiffs might recover from ASC under this action is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

10. An award of punitive damages in this case is not appropriate under the facts.

11. To the extent that the doctrine of laches bars some or all of Plaintiffs' claims, Defendant asserts that doctrine as a defense.

**III. Constitutional Defenses.**

### FIRST CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

### SECOND CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiffs would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

### THIRD CONSTITUTIONAL DEFENSE

Plaintiffs' claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

## FOURTH CONSTITUTIONAL DEFENSE

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing,

which infringes on Defendant's Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g) Any award of punitive damages to Plaintiffs would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a Defendant may be compelled to disclose potentially incriminating documents and evidence;

(h) Plaintiffs' attempt to impose punitive or extra contractual damages on Defendant on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i) Any award of punitive damages to Plaintiffs would violate the procedural safeguards provided to Defendant under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a Defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a Defendant in a criminal proceeding;

(j) Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k) Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l) Plaintiffs' claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution; and

(m) Any award of punitive damages would violate Defendant's right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

## FIFTH CONSTITUTIONAL DEFENSE

Plaintiffs' claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution in that:

a) there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages;

b) there is no requirement that punitive damages be fairly limited based on the impact on the Defendant;

c) review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

d) punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

e) the preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a Defendant faces a punitive damage award;

f) the criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

g) the criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain;

h) the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a Defendant outside the scope of this litigation, subjecting a Defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

## SIXTH CONSTITUTIONAL DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

## SEVENTH CONSTITUTIONAL DEFENSE

The imposition of punitive damages against the Defendant in this case would violate the Defendant's due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the Defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## EIGHTH CONSTITUTIONAL DEFENSE

Imposition of punitive damages against this Defendant would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution.

## NINTH CONSTITUTIONAL DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### TENTH CONSTITUTIONAL DEFENSE

The Plaintiffs are not entitled to recover punitive damages because Plaintiffs cannot prove that Defendant's conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

### ELEVENTH CONSTITUTIONAL DEFENSE

Plaintiffs' claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v.* Leatherman *Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury. See also, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996).

### TWELFTH CONSTITUTIONAL DEFENSE

An award of mental anguish damages in this case will violate this Defendant's due process and equal protection rights guaranteed by the *United States Constitution* because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### THIRTEENTH CONSTITUTIONAL DEFENSE

To award Plaintiffs damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, this Defendant avers that such an award in this case would violate the *United States Constitution*.

ASC reserves the right to assert other defenses as discovery proceeds.

**s/Bruce J. Downey, III**
**BRUCE J. DOWNEY, III**
**ASB-9205-W86B**
**Attorney for Defendant**
**Joseph Borg, Director**
**Alabama Securities Commission**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

Jane Brannan, Esq.
Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL 36130-4700
Telephone: (334) 353-4690

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama 36130

Additionally, each of the *pro se* Plaintiffs have been served by certified mail at the addresses listed below:

Terry Harris
8315-B 1st Ave., N.
Birmingham, AL  35206

Terry Harris
8315-E 1st Ave., N.
Birmingham, AL  35206

Dorothy Watford
8315-B 1st Ave., N.
Birmingham, AL  35206

Dorothy Watford
8315-E 1st Ave., N.
Birmingham, AL  35206

on this the 21st day of December, 2005.

                                          **s/Bruce J. Downey, III**
                                          **Of Counsel**