IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TERRY HARRIS, DOROTHY WATFORD, ET AL.,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO.: 2:05CV1083-MEF ) |
| **JOSEPH BORG,** | ) ) |
| Defendant. | ) ) ) |

**MOTION TO COMPEL
OR, IN THE ALTERNATIVE,
FOR SANCTIONS UNDER RULE 37**

COMES NOW the Defendant, Joseph Borg, Director of the Alabama Securities Commission, and moves the Court to compel the Plaintiff to comply with Rule 26 of FRCP and to cooperate in the scheduling of the Plaintiffs' depositions. In the alternative, Defendant moves the Court to Dismiss the Plaintiffs' complaint for failure to comply with the discovery rules or failure to prosecute the Plaintiffs' claims. As grounds for this motion, Defendant shows as follows:

1. Defendants counsel has repeatedly, by telephone, email and letter asked the Plaintiffs' counsel to comply with rule 26 and to furnish a draft Rule 26 plan. Plaintiffs have failed to do so.

2. Defendant's counsel has repeatedly sought convenient dates for the deposition of the Plaintiffs from Plaintiffs' counsel, but they have never been provided.

3. Not receiving convenient dates from Plaintiffs, Defendant noticed the Plaintiffs depositions in Birmingham for "March 22, 2006 (or other agreed upon time and date)". Defendant's counsel heard nothing in objection to the notice and made plans to attend. Two days before the depositions were to take place, defendant's counsel called Plaintiffs' counsel to confirm his clients' intention to appear. Plaintiffs' counsel was not

available, but Plaintiffs' counsels' office manager said that nothing had been done to arrange for the Plaintiffs' attendance and that they would not be attending. Defendant's counsel requested correspondence confirming that the Plaintiffs would not appear at the noticed time. That confirmation was promised but the correspondence was never received.

4. On March 22, 2006 Defendant's counsel wrote, faxed and emailed the following to Plaintiffs' counsel:

> "…I have advised you by telephone and by mail, and advised her [his office manager], that we were not in compliance with the Court's requirements and that the judge was going to be very upset with us. You promised to send me a draft Rule 26 order and your initial disclosures long ago. You have not done so. Unless I immediately receive proposed dates for your clients' depositions *to be held in the very near future* and you assist me into coming into compliance with our pretrial responsibilities, I will have no choice but to file a motion to dismiss for lack of prosecution. That will upset the Court, but I suggest that it will be even more upset with you than with me."
>
> "Unless I have heard from you by March 28th, I will file the motion."

5. Defendant's counsel has received no response to this message.

6. That Defendant's counsel has made a good faith effort to avoid the necessity of this motion is established by the facts set out above.

s/Bruce J. Downey, III
**BRUCE J. DOWNEY, III**
**ASB-9205-W86B**

**Attorney for Defendant**
**Joseph P. Borg, Esq.**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:     (334) 241-8000
Facsimile:      (334) 323-8888

1065917

Jane Brannan, Esq.
Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL  36130-4700
Telephone:  (334) 353-4690

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court on this the 4$^h$ day of April, 2006, using the CM/ECF system which will send notification of such filing to the following:

Henry L. Penick, Esq.
H. L. Penick & Associates, P.C.
P O Box 967
Birmingham, AL  35201-0967

**s/Bruce J. Downey, III**
OF COUNSEL
