IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERRY HARRIS, DOROTHY WATFORD,** | ) |
| | ) |
| | ) |
| **PLAINTIFFS,** | ) |
| V. | ) |
| | ) Civil Action No.: 2:05cv1083 WKW |
| | ) |
| **JOSEPH BORG, individually and in his** | ) |
| **capacity, as Commissioner of the Alabama** | ) |
| **Securities Commission,** | ) |
| | ) |
| **DEFENDANT.** | ) |
| | ) |

## AMENDED COMPLAINT

**I. JURISDICTION**

1. This suit is a suit for race discrimination authorized and instituted pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the Fifth and Fourteenth Amendments to the United State Constitution.  The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by statutes, and 42 U.S.C. Section 1983, and the Fifth and Fourteenth Amendments of the United State Constitution, providing for injunctive, damages and other relief for violations of rights secured therein. Further, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 2201 and 2202.

2. The principal residents of the named Plaintiffs and the principal place of business of Networker 2000.com, Inc., Wealth Builders International and Infinity 2000 is Jefferson County, Alabama.  The property taken by Defendant was located in Jefferson County, Alabama.

**II. PARTIES**

3. Plaintiff, Terry Harris, is an African-American citizen of the United States, and is the President and CEO of Networker 2000.com, Inc. and said plaintiff had an interest in Wealth Builder International and Infinity 2000.

4. Plaintiff, Dorothy Watford, is an African-American citizen of the United States, was an independent representative of Networker 2000.com, Inc. and had and interest in Wealth Builders International and Infinity 2000.

5. Defendant, Joseph Borg, is Commissioner of Alabama Securities Commission. The defendant is also a person subject to suit under the provisions of the Civil Rights Act of 1871, 42 USC 1983, and the Fifth and Fourteenth Amendments of the Constitution of the United States.

**III. CAUSES OF ACTION**

**COUNT I:**

6. The plaintiffs re-allege and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail herein below.

7. On or about April 18, 2003, Defendant, Joseph Borg, individually, and in its capacity as Commissioner of the Alabama Securities Commission issued an Order to Liquidate that ordered Plaintiff, Terry Harris, to send a letter to Charles Schwab, Incorporated to liquidate the stock and option positions in Wealth Builders International account #8172-3879.

8. On or about April 18, 2003, as a result of said Order to Liquidate, Defendant, Joseph Borg, individually, and in its capacity as Commissioner of the Alabama Securities Commission, ordered and caused Plaintiff, Terry Harris, in its capacity as President and CEO of Networker 2000.com, Inc. to liquidate all stock and option positions held at Charles Schwab, Incorporated in the Infinity 2000 account, #4628-5537.

9. On June 10, 2003, Defendant issued a Cease and Desist Order against Plaintiff, Terry Harris, without providing Harris with proper notices and hearings.

10. As a result of said Cease and Desist Order and Order to Liquidate said accounts, Plaintiffs suffered a lost in the value of their interest in said accounts.

11. Plaintiffs aver that the liquidation of said accounts were done at substantial lost and amounted to a taking of their property.

12. Plaintiff aver that their property was taken without proper notices and hearings.

13. As a result of said los in the aforementioned accounts, Plaintiff, Terry Harris, was ordered to pay to members of WealthBuilders International and Infinity Investment Club the sum of $1,600,000.00.

14. Plaintiffs assert that the Cease and Desist Order and the Order to Liquidate violated the Civil Rights Act of 1877, 42 USC Section 1983, and the Fifth and Fourteenth Amendments of the United States Constitution by violating Plaintiffs clearly established rights to have a procedural due process hearing before the taking of their property.

15. Defendant wilfully and/or recklessly disseminated false and inaccurate information about Plaintiffs.

16. As a result of the actions of Defendant, Plaintiffs lost the value of their respective businesses.

## IV.  PRAYER FOR RELIEF

Wherefore plaintiffs respectfully pray that this court take jurisdiction of this action and after trial:

1. Grant Plaintiffs a declaratory judgement holding that the actions of the defendant described herein above violated and continue to violate the rights of the plaintiffs as guaranteed

by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fifth and Fourteenth Amendments of the United States Constitution.

    2.  Grant plaintiffs and the class they represent a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the Fifth and Fourteenth Amendments of the United States Constitution.

    3.  Enter an order requiring the defendant to make the plaintiffs whole by awarding compensatory damages (including mental anguish damages), punitive damages, costs, attorneys fees and expenses.

                          Respectfully submitted,

                          /s/ Henry L. Penick
                          Henry L. Penick
                          H.L. Penick & Associates, P.C.
                          319 17th Street North, Suite 200
                          Birmingham, Alabama 35203
                          (205) 252-2538

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above Amended Complaint on this the 9th day of November, 2006, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Bruce J. Downey, III
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

                          /s/ Henry L. Penick