IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY HARRIS, DOROTHY WATFORD, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   CASE NO.:  2:05CV1083-MEF |
| JOSEPH BORG, | ) ) ) |
| Defendant. | ) ) |

**MOTION TO DISMISS OF DEFENDANT JOSEPH BORG**

**COMES NOW** Defendant Joseph Borg and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint for failure to state a claim against him. In support of this motion, Defendant states as follows:

**I.     STATEMENT OF FACTS**

The Plaintiffs were investigated for violation of Alabama securities laws by the Alabama Securities Commission ["ASC"] of which the Defendant is Director. While he was under investigation, and upon the advice of his attorney, Plaintiff Harris caused certain securities, which were being held in California, to be liquidated, returning some of the proceeds of that liquidation to the investors. The ASC, not the Defendant, issued a cease and desist order which required the Plaintiffs and others to cease violating the Alabama securities laws. The cease and desist order did not require any specific liquidation of stock or options. Thus, Plaintiff Harris took these actions on his own accord at the time of his selection, at the insistence of the broker, and neither the Defendant nor ASC compelled him to do so. His attempt to avoid prosecution

was ultimately unsuccessful. He was prosecuted and pled guilty to securities violations in the Circuit Court of Montgomery County, Alabama, Judge Johnny Hardwick presiding. This prosecution was initiated by the State of Alabama after Harris was indicted by the Grand Jury in Montgomery County.

## II.   ARGUMENT

**A.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER §1983 BECAUSE THEY DO NOT ALLEGE A CONSTITUTIONAL DEPRIVATION WITH THE REQUISITE SPECIFICITY.**

1. Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

2. In paragraph 1 of the Amended Complaint, Plaintiffs' state that this is a suit for race discrimination pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. The remainder of the Amended Complaint is devoid of any allegations pertaining to Plaintiffs' race or any indicia of race discrimination. The Amended Complaint and Second Amended Complaint follow the same pattern.

3. When a government official is sued in his individual capacity for money damages based on alleged civil rights violations, he may posit an affirmative defense of qualified immunity. *See Swint v. City of Wadley, Ala.,* 51 F.3d 988, 994 (11th Cir. 1995). Defendant did so in his original response. The Supreme Court has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In § 1983 actions where government officials sued in their individual capacities have raised the

defense of qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir. 1998). In *Oladeinde v. City of Birmingham,* the Eleventh Circuit held that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." 963 F.2d 1481, 1485 (11th Cir. 1992). Accordingly, in determining whether a plaintiff has stated a § 1983 claim against a defendant in his or her individual capacity, courts must be "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *GJR Investments,* 132 F.3d at 1367.

4. As noted by the Eleventh Circuit in *GJR Investments,* when a government official moves to dismiss a claim on the basis of qualified immunity, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." 132 F.3d at 1366; *Wooten v. Campbell,* 49 F.3d 696, 699 (11th Cir. 1995). In other words, Defendant can defeat Plaintiffs' § 1983 claims if the Complaint fails " 'to state a claim upon which relief can be granted.' " *Id.* (citing Fed.R.Civ.P. 12(b)(6)). Similarly, "[u]nder the qualified immunity defense," these Defendants "are immune from liability if [Plaintiff's Complaint] fails to state a violation of a 'clearly established ... constitutional right of which a reasonable person would have known.' " *Wooten,* 49 F.3d at 699 (citing *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727).

5. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow,* 457 U.S. at 818; *see also Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir. 1988). Qualified immunity protects "all but the plainly incompetent

or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

6.  The test for whether a governmental defendant is entitled to qualified immunity from liability in his or her individual capacity involves a two-step analysis. First, the government official must demonstrate that " 'he [or she] was acting within the scope of his [or her] discretionary authority when the allegedly wrongful acts occurred.' " *Rich,* 841 F.2d at 1563-64 (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir. 1983)). As explained by the Eleventh Circuit,

> The inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act. Framed that way, the inquiry is no more than an "untenable" tautology. "Instead, a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties."

*Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1282 (11th Cir. 1998) (internal citations omitted) (quoting *In re Allen,* 106 F.3d 582, 594 (4th Cir. 1997). Here, the plaintiffs' allegations are of the performance of traditional duties of his office by the Director of ASC.

7.  Second, if the government official satisfies its burden, the plaintiff must show that the official's actions " 'violated clearly established constitutional law.' " *Id.* Under this prong, the court must determine whether the applicable law was clearly established at the time of the challenged action. This is determined by reference to decisions of the Supreme Court of the United States, the Court of Appeals for the Eleventh Circuit and, in this case, the Supreme Court of Alabama. *D'Aguanno v. Gallagher,* 50 F.3d 877, 881 n. 6 (11th Cir.1995); *Courson v. McMillian,* 939 F.2d 1479, 1498 n. 32 (11th Cir.1991). The relevant inquiry is "fact specific," *Rodgers v. Horsley,* 39 F.3d 308, 311 (11th Cir.1994), and a plaintiff must point to a controlling case, decided before the events at issue, that establishes a constitutional violation on "materially

4

similar" facts. *Lassiter v. Alabama A & M Univ., Bd. of Trustees,* 28 F.3d 1146, 1150 (11th Cir.1994); *see also Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (holding that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right"). Absent a controlling and factually on-point case, a plaintiff can overcome qualified immunity only when "the official's conduct lies so obviously at the very core" of what the constitutional provision forbids "that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw." *Smith v. Mattox,* 127 F.3d 1416, 1419 (11th Cir.1997) (citing *United States v. Lanier,* 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)).

8. In *Taylor v. Alabama*, 95 F. Supp. 2d 1297 (M.D. Ala. 2000), the court granted defendants' motion to dismiss plaintiff's § 1983 claims against supervisors and directors at the Alabama Department of Transportation for failure to meet the heightened pleading requirements because of the implication of qualified immunity.

9. In sum, Plaintiffs' § 1983 claims are subject to a heightened pleading requirement. To meet the heightened pleading requirement of the Eleventh Circuit, "[t]he complaint must allege the relevant facts with 'some specificity.' More than mere conclusory notice pleading is required. A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno,* 325 F.3d 1228, 1235 (11th Cir.2003) (citations omitted) (citing with approval authority from other jurisdictions holding that complaint must include specific, non-conclusory allegations of fact enabling district court to determine that those facts, if proved, will overcome defense of qualified immunity).

**B.    In addition, Plaintiffs fail to state claims based on the equal protection clauses of the Fourteenth and Fifth Amendments of the Constitution.**

10. Not only do Plaintiffs fail to state a claim due to a failure to plead with specificity,

but Plaintiffs also fail to state claims based on the equal protection clauses of the Fourteenth and Fifth Amendments of the Constitution. Specifically, to establish an equal protection claim, a plaintiff must show that he is similarly situated to others who received more favorable treatment, and that his adverse treatment was based on some constitutionally protected interest such as race. *See Jones v. Ray,* 279 F.3d 944, 947 (11th Cir.2001) (finding that elements of equal protection claim include differential treatment from others similarly situated, and intentional discrimination). The Supreme Court has recognized "successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *but see Hicks v. Jackson County Com'n,* 374 F.Supp.2d 1084, 1094 (N.D. Ala. 2005) (advocating caution in applying *Olech* because "unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors"). In *Olech'*s wake, then, a plaintiff raising an equal protection claim must still show intentional differences in treatment from others similarly situated to him. *See Jones,* 279 F.3d at 947 (dismissing equal protection claim when even liberal interpretation of complaint did not reveal any factual basis for equal protection claim); *GJR Investments,* 132 F.3d at 1367-69 (dismissing equal protection claims where complaint failed to allege sufficiently that defendant treated plaintiff differently than similarly situated persons). *Anderson v. Greene*, 2005 WL 3058095 *5 (S.D. Ala. 2005) (granting defendant's motion to dismiss plaintiff's Fourteenth Amendment equal protection claim due to absence of factual support).

    11.    With regards to Plaintiffs' § 1983 Fourteenth Amendment equal protection claim,

Plaintiffs simply allege that Joseph Borg violated the Constitution "by violating Plaintiffs' clearly established rights to have a procedural due process hearing before the taking of their property." *See* Amended Complaint at ¶ 14. A review of the Amended Complaint and Second Amended Complaint reveals that Plaintiffs' equal protection allegations are plainly lacking. Plaintiffs have not indicated that anyone is similarly situated to them, much less identified those persons. Nor have they explained the manner in which they believe that they were subjected to disparate treatment (*e.g.,* because of their race). As a result, Defendant is afforded no reasonable information about the theory animating the equal protection claim, or even its factual basis.

12.   Additionally, Plaintiffs' claims should also be dismissed to the extent that they allege violations of Fifth Amendment due process rights. The Fifth Amendment's due process clause does not extend to state and local governments, but is instead confined to the federal government. To the extent that Plaintiffs' are seeking to bring a separate, distinct Fifth Amendment due process claim against Defendant, Plaintiffs' claims are due to be dismissed.[1] *See Riley v. Camp,* 130 F.3d 958, 972 n. 19 (11th Cir. 1997) ("The Fifth Amendment obviously does not apply here-the acts complained of were committed by state rather than federal officials."); *Dowdell v. Chapman,* 930 F. Supp. 533, 542 (M.D.Ala. 1996) ("The Fifth Amendment's Due Process Clause applies only to the federal government.").

13.   In sum, Plaintiffs' Fifth Amendment claims are due to be dismissed because they suffer from the same insufficiencies as Plaintiffs' Fourteenth Amendment claims. With regards to Plaintiffs' § 1983 Fifth Amendment claim, Plaintiff make the same conclusory statement,

---

[1] Defendant cannot discern from this pleading whether Plaintiffs are bringing a separate Fifth Amendment due process claim. Some aspects of the Fifth Amendment apply to state and local governments through the Fourteenth Amendment. *See generally Penn Cent. Transp. Co. v. City of New York,* 438 U.S. 104, 121-23 (1978) (applying the Fifth Amendment to the States through the Fourteenth Amendment); *Corn v. City of Lauderdale Lakes,* 95 F.3d 1066, 1069 n. 2 (11th Cir. 1996) ("The Fifth Amendment's protections apply to the states through the Fourteenth Amendment.").

which likewise does not satisfy the Eleventh Circuit's heightened pleading requirements for when qualified immunity is raised as a defense.

**B.    MOTION TO STRIKE ADDITIONAL PARTIES.**

14.    The attempted addition of three plaintiffs in Plaintiffs' Second Amended Complaint is due to be stricken because they improperly attempt to add additional parties almost five months after the date for adding parties has passed.

**WHEREFORE, PREMISES CONSIDERED**, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Joseph Borg respectfully moves this Court to dismiss Plaintiffs' Amended Complaint against him for failure to state a claim and for failure to comply with the rules of the Court.

s/Bruce J. Downey, III
**BRUCE J. DOWNEY, III**
**ASB-9205-W86B**
*ATTORNEY FOR DEFENDANT*
*JOSEPH P. BORG, ESQ. ALABAMA SECURITIES*
*COMMISSION*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

Jane Brannan, Esq.
Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL  36130-4700
Telephone:    (334) 353-4690

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 11th day of December, 2006, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Henry L. Penick, Esq.
H. L. Penick & Associates, P.C.
P O Box 967
Birmingham, AL  35201-0967

                                            s/Bruce J. Downey, III
                                            **OF COUNSEL**