IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY HARRIS, DOROTHY WATFORD, WEALTH BUILDERS INTERNATIONAL, A LIMITED LIABILITY COMPANY d/b/a WEALTH BUILDERS INTERNATIONAL INVESTMENT CLUB, and WEALTH BUILDERS INTERNATIONAL INVESTMENT CLUB, | ) ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) | Case No.: 2:05CV1083-MEF |
| V. | ) ) | |
| JOSEPH BORG, individually and in his Capacity, as Commissioner of the Alabama Securities Commission, | ) ) ) ) | |
| DEFENDANT. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

**COME NOW** the Plaintiffs and respond to Defendant's Motion to Dismiss on the following grounds:

**I. STATEMENT OF FACTS**

On April 15, 2003, the Alabama Securities Commission ["ASC"] instructed Harris to send a letter to Charles Schwab, Inc., a stockbroker, to liquidate all stock and options positions in the Wealthbuilders International account, at market price on Thursday, April 17, 2003. (Exhibit 1, Harris depo., pp. 135-142). On June 10, 2003, the Alabama Securities Commission, by its Director, Joseph Borg, issued a Cease and Desist Order against Plaintiffs, Terry Harris and Wealthbuilders International Investment Club. (Exhibit 2). On September 30, 2003, the ASC took possession of $2,527,776.50, which represented the proceeds of the liquidation of the

Wealthbuilders' accounts with Schwab. Prior to receipt of the funds by the ASC, the ASC acknowledged Harris' request for an informal hearing which was to take place on August 7, 2003. (Exhibit 3). Harris was given no informal hearing nor formal hearing.

Plaintiffs filed this action alleging that the liquidation of the Wealthbuilders accounts and the seizure of funds, without a final hearing, constituted a taking of property without procedural due process, prohibited by the Fifth and Fourteenth Amendment of the U.S. Constitution and a violation of the Civil Rights Act o 1871, 42 U.S.C. Section 1983.

In Defendant's motion, Defendant asserts several facts incorrectly. First, Defendant alleges that Plaintiff Harris voluntarily caused certain stocks and options to be liquidated. Under a "Liquidation Plan," executed on April 17, 2003, the ASC ordered that all stock and option positions in the Charles Schwab account be liquidated. (See approval of Commission at bottom of Ex. 1B). Subsequently, the funds were transferred into an interest bearing account under the strict control of the law firm Berkowitz, Lefkovitz, Isom & Kushner, located in Birmingham, Alabama. The decision to liquidate was involuntary because the ASC left Plaintiff Harris with no choice but to comply with the "Liquidation Plan."

The Defendant further alleges that the ASC, not the Defendant, issued the June 10, 2005 Cease and Desist Order. The ASC is a state agency consisting of live individuals. The ASC only acts through the actions of those individuals. In his capacity as Commissioner of the ASC, Defendant Borg did, in fact, sign and issue the Cease and Desist Order.

## II.  ARGUMENT

### A.  12(b)(6) Motion to Dismiss §1983 Claim Inappropriate

The standard for determining for whether a 12(b)(6) motion to dismiss is appropriate is whether "it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  In reviewing a Motion to Dismiss, "[t]he court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Furthermore, the threshold is *exceedingly low* for a complaint to survive a motion to dismiss for failure to state a claim." *Horne v. Russell County Com'n*, 295 F.Supp.2d 1289, 1292 (M.D.Ala., 2003) (internal quotations omitted) (emphasis added).

In the Original and Amended Complaints, the Plaintiffs state factual allegations which support each of its claims.  It explains how the Defendant took possession of the Plaintiffs' accounts without compensation or a hearing based on Plaintiff Harris' race.   Taking all of these factual allegations as true, the Plaintiff sufficiently notified the Defendant of the acts which form the basis of this lawsuit.

### B.  Heightened Pleading Requirement Is Inapplicable

Defendant alleges that the Plaintiffs' §1983 claims should be dismissed because the complaint and amended complaints fail to satisfy the heightened specificity requirement.  The heightened pleading requirement for §1983 actions is only applicable where the defendant is entitled to qualified immunity in his individual capacity. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Swann v. Southern Health Partners, Inc*., 388 F.3d 834 (11th Cir. 2004); *Laurie v. Ala. Court of*

*Crim. Appeals*, 256 F.3d 1266, 1275-76 (11th Cir.2001); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir.2000).

The heightened pleading requirement is inapplicable because the Defendant is not entitled to qualified immunity in his individual capacity when the defendant violated a clearly established constitutional law. Before the Court can determine whether a violation of a clearly established constitutional law existed, the threshold question is whether "the plaintiff has asserted a violation of a constitutional right at all.'" *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998) (internal quotations omitted).

Plaintiff alleges three Constitutional violations. First, the Plaintiff alleges that the Defendant violated the Takings Clause and the Procedural Due Process clause of the 5th and 14th Amendments to the Constitution. In addition, the Defendant violated the Equal Protection clause.

    1. Takings Clause:

It is clearly established by the plain language the Fifth and Fourteenth Amendment that the government cannot take an individual's property without just compensation.

    2. Procedural Due Process:

"To succeed on a procedural-due-process claim, as applied through § 1983, a plaintiff must show, first, that he possesses a protected property or liberty interest, second, that a state or federal actor has deprived him of that right, see *id.*; and, finally, that he has not been accorded a hearing prior to his deprivation of that right, or that the hearing was fundamentally unfair." *Shows v. Morgan*, 40 F.Supp.2d 1345, 1355 (M.D.Ala.,1999) (internal citations omitted).

It is clearly established under the Fifth and Fourteenth Amendment that notice and hearing is required. This right is codified in the Alabama Administrative Procedure Act. §§ 41-22-12, 41-22-16, *Code of Alabama* (1975). As the Director of the ASC, the Defendant is charged at the very least with knowing Alabama administrative procedures.

      3. Equal Protection:

The next inquiry is whether the Defendant violated a clearly established constitutional law. "For a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). The Eleventh Circuit recognizes three ways in which an official would have fair warning that his conduct violates established law. *Golthy v. Alabama*, 287 F.Supp.2d 1259, 1266 (M.D.Ala. 2003). An official would be on notice if (1) the law is clearly embodied in the Constitution or a federal statute, (2) case law declares certain conduct to be a violation without regard to the facts, or (3) case law declares certain conduct to be a violation with regard to a specific set of facts. *See Golthy v. Alabama*, 287 F.Supp.2d 1259, 1266 (M.D.Ala. 2003) (referring to *Vinyard v. Wilson*, 311 F.3d 1340, 1350-53 (11th Cir.2002)).

Even if the Defendant is entitled to qualified immunity in his individual capacity, the motion to dismiss should still be denied because the Plaintiff satisfied the heightened pleading requirement. The facts of this particular case and the basis for the claims are not complex. Plaintiffs allege that the Defendant compelled them to liquidate account, froze accounts and took possession of funds from those accounts without a final hearing. In the Original and Amended Complaints, the Plaintiff sets forth the account numbers of the specific bank accounts involved.

It alleges the approximate amount of financial losses that occurred as a result of the Defendant's conduct as being $1,600,000.00. Due to criminal prosecution of Plaintiff, Harris, by the ASC, the Defendant is sufficiently on notice of any additional facts surrounding this lawsuit.

### C. Defendant Is Not Entitled to Qualified Immunity

To Plaintiffs' claims, Defendant has argued qualify immunity. The seminal case in the area of qualified immunity is *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982), which requires "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as there conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

In the case at bar, Defendant correctly recognizes that the test for qualified immunity is a two- step, objective reasonableness analysis. The first being whether "he was acting within the scope of his discretion authority when the allegedly wrongful act occurred." *Rich v. Dollar*, 841 F. 2d 1558, 1563-64, Citing *Zeigler v. Jackson*, 716 F. 2d 847, 849 (11th Cir. 1983). Defendant concedes this factor. It is clear that when the ASC requested the liquidation of the accounts, when Borg issued the Cease and Desist Order, and when the ASC took possession of the funds of Weathbuilders, Borg was acting within the perimeter of his discretionary duties as the Director of the Alabama Securities Commission.

The second factor requires a showing that the government official "violated a clearly established constitutional law." *Id.* As stated above, the mandates of the Fifth and Fourteenth Amendments require procedural due process before the taking of property is clearly established. In this context, the right to procedural hearings of persons or entities charged with violations under the Alabama Securities Laws are codified in the Alabama Administrative Procedures Act,

which require informal and formal hearings before a final order of taking can be established. Section 41-22-16, Code of Alabama (1975).  Also see *Golthy v. Alabama*, 287 F. Supp. 2d 1259,1264 (M.D. Ala. 203), "Requiring that a Constitutional Right be clearly established means that liability only attaches if "'[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right,' " citing *United States v. Lanier*, 520 U.S. 259, 270, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).  In *Harbert International, Inc. v. James*, 157 F. 3d 1271, 1284 (11th Cir. 1998), the Eleventh Circuit Court of Appeals observed: "And then for the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what his is doing' violates federal law."  It has been longed established that the taking of property without compensation and without a due process hearing is a violation of the Fifth Amendment.  *Interstate Commerce Com. v. Louisville & N.R. Co.*, 227 U.S. 88, 57 L.Ed 431, 33 S.Ct. 185 (1913).  The Fifth Amendment is made applicable to the State by the Fourteenth Amendment.  Borg's taking of Plaintiffs monies without due process was such a violation of a clearly established right.

### D.  Plaintiffs Asserted Sufficient Equal Protection Violations

With respect to equal protection, Harris has alleged in his original Complaint and his Amended Complaints that he is African American.  In his Affidavit (Exhibit 4), he has asserted that Herbert Van Barringer, a white male, was President of the Wealthbuilders International Investment Club and a member of the core group, which decided which stocks and options to

trade and did, in fact, trade those stocks and options in the Wealthbuilders accounts, was not criminally prosecuted as was Harris. Harris, the founder of Wealthbuilders International Investment Club, has asserted that he was singled out because of his race, that of being an African-American. Protection under the law would require criminal prosecution of Barringer by Borg with equal zeal as he prosecuted Harris. Although Barringer was mentioned in the Cease and Desist Order, no criminal prosecution was brought against him. (Exhibit 4).

### III. CONCLUSION

Based on the foregoing Arguments and Authorities, Defendant's Motion to Dismiss is due to be overruled.

Respectfully submitted,

**Plaintiffs Request Oral Argument**     /s/ Henry L. Penick
                                          Henry L. Penick
                                          H.L. Penick & Associates, P.C.
                                          319 17th Street, North - Ste. 200
                                          P.O. Box 967
                                          Birmingham, AL 35201-0967
                                          (205) 252-2538

**CERTIFICATE OF SERVICE**

      I hereby certify that I have filed through Electronic Filing a copy of the above Response to Defendant's Motion to Dismiss on this the 2nd day of January, 2007 on the following:

Bruce Downing
CHAPELL & HOWARD, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102-2069

                                       /s/ Henry L. Penick