IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY HARRIS, DOROTHY WATFORD, ) <br> WEALTH BUILDERS INTERNATIONAL, ) <br> A LIMITED LIABILITY COMPANY d/b/a ) <br> WEALTH BUILDERS INTERNATIONAL ) <br> INVESTMENT CLUB, and WEALTH ) <br> BUILDERS INTERNATIONAL ) <br> INVESTMENT CLUB, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> V. ) <br> ) <br> JOSEPH BORG, individually and in his ) <br> Capacity, as Commissioner of the Alabama ) <br> Securities Commission, ) <br> ) <br> DEFENDANT. ) <br> ) | Case No.: 2:05CV1083-MEF |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO AMEND COMPLAINT**

Plaintiffs, Harris and Watford, have moved this Court to amend the original complaint against Defendant, Joseph Borg, which was filed on April 15, 2005. On December 8, 2006, the Plaintiffs filed a Motion to Amend which proposes to add two new plaintiffs, Wealth Builders International, a Limited Liability Company d/b/a Wealth Builders International Investment Club (hereinafter "WBI, LLC") and Wealth Builders International Investment Club (hereinafter "WBI"). WBI, LLC is a de facto corporation, the Articles of Incorporation of which were not executed nor filed by its officers. WBI is an unincorporated association. WBI and WBI, LLC have the same members.

The Plaintiffs contend that this Motion to Amend should be granted in the because justice requires it under Rule 15(c) of the Federal Rules of Civil Procedure and the proposed party plaintiffs are the real parties in interest under Rule 17(a) of the Federal Rules of Civil Procedure. Furthermore, if granted, the Amended complaint should relate back to the original complaint under the aforementioned rules of civil procedure.

## ARGUMENT

**I. THIS COURT SHOULD GRANT THE PLAINTIFF'S SECOND MOTION TO AMEND, UNDER RULE 15(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE, BECAUSE JUSTICE REQUIRES IT WHEN IT WILL NOT CAUSE UNDUE DELAY, IT IS MADE IN GOOD FAITH, IT WILL NOTPREJUDICE THE DEFENDANT, IT FOLLOWS THE COURT'S LIBERAL POLICY OF ALLOWING AMENDMENTS AND GOOD CAUSE EXISTS AS TO WHY THE MOTION WAS NOT MADE EARLIER.**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party is allowed to amend a pleading under two circumstances. Fed.R.Civ.P. 15(a). In the first instance, a party can amend a pleading as a matter of right "any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." *Id*. In the second instance, a party seeking to amend a pleading may do so "only by leave of court or by written consent of the adverse party." *Id*. The Rule clearly states the liberal view of allowing leave to make amendments where justice requires it. *Id*. This liberal view is a result of Rule 1 of the Federal Rules of Civil Procedure which states that "[t]hese rules .... shall be construed to secure the just, speedy and inexpensive determination of every action". Fed.R.Civ.P. 1.

"[I]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.--the leave sought should, as the rules require, be *freely given.*" *Loggerhead Turtle v. County Council of Volusia County, Florida*, 148 F.3d 1231, 1255 (11th Cir. 1998) (finding that district court erred in denying plaintiff's motion to amend complaint adding leatherback turtle as party plaintiff) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (emphasis added). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981). "But mere passage of time need not result in refusal of leave to amend; on the contrary, it is only *undue* delay that forecloses amendment." *Id.* (emphasis added)

      The Court should grant the Plaintiff's Motion to Amend to add WBI, LLC and WBI as party plaintiffs because the amendment would not cause undue delay. The defendant was aware of the proposed plaintiffs from the inception of this action. In fact, the Securities Commission named the proposed plaintiffs, WBI and WBI, LLC (as "WBI, Inc.") in the June 10, 2003 Cease and Desist Order, which is the subject of this action. In addition, the defendant has obtained discovery directly related to the WBI and WBI, LLC's business organization and operations. According to the exhibits attached to the Defendant's Initial Disclosures, defendant had access to WBI, LLC's Articles of Organization, WBI, LLC's Policies and Procedures, WBI, LLC's General Deposit Agreement, and the trial transcript of State of Alabama vs. Terry Harris, during which Defendant, Borg, sub nomine State of Alabama, prosecuted Harris for trading on behalf of WBI members. Likewise, Plaintiff served on defendant a list of members of WBI in their Initial Disclosure, on May 1, 2006. The defendant knows everything he could possibly want to know

about WBI's operation and membership. Furthermore, the trial is still at least one month away. The Defendant has already conducted discovery on WBI, LLC and WBI, and one month is adequate time to prepare for trial.

The Court should grant leave to amend because it is requested in good faith. The Plaintiffs moved to amend within a reasonable time after the Court denied class action status. The Defendant was aware of the proposed plaintiffs existence at all times.

This Court should grant leave to amend because the Motion to Amend is not the result of a failure to cure previous deficiencies. When the Court denied class certification on October 31, 2006, a new deficiency was created in the Plaintiffs' Amended Complaint. The Amended Complaint failed to include the real parties in interest, WBI, LLC and WBI. The Second Amended Complaint would cure this deficiency.

The plaintiff's Second Motion to Amend should be granted because such an amendment would not prejudice the non-moving party. The defendant will not be unfairly disadvantaged or deprived of an opportunity to present any facts had these plaintiffs been included in the original complaint. Originally, the defendant was preparing to defend against a class action lawsuit involving damages from the cease and desist order issued by defendant, Joseph Borg, on or about June 10, 2003. All of the potential plaintiffs for a class action lawsuit were members of WBI. On November 9, 2006, the Court denied Plaintiffs' class action status. Since the filing of the complaint, the Defendant has been on notice of the claims of potential class members, now collectively called Wealth Builders International Investment Club.

Plaintiff should still be allowed to amend the original complaint because good cause exists as to why the motion was not made earlier. Initially, this lawsuit was going to be a class

action lawsuit. The class action was denied on October 31, 2006. In the same Order, the Court ordered Plaintiffs to Amend the Complaint. The Amended Complaint was filed on November 9, 2006 and the Second Amended Complaint was filed within 30 days, on December 8, 2006.

Furthermore, granting the Motion to Amend would comply with the Court's liberal policy of allowing amendments. The original complaint alleges damages arising out the defendant's Cease and Desist Order. The proposed plaintiffs in this case have also been injured by the defendant's issuing of the same Cease and Desist Order. In the interest of finality and compliance with Rule 1 of the Federal Rules of Civil Procedure, the Court should allow the amendment and add these two plaintiffs.

**II. THIS COURT SHOULD FIND THAT THE AMENDED PLEADING RELATES BACK TO THE ORIGINAL COMPLAINT, UNDER RULE 15(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE, WHERE THE AMENDMENT INVOLVES DAMAGES ARISING OUT OF THE SAME CEASE AND DESIST ORDER AS THE ORIGINAL COMPLAINT, THE ORIGINAL AND PROPOSED PLAINTIFFS' INTERESTS ARE INHERENTLY INTERTWINED, AND THE DEFENDANT WAS AWARE OF THE ORIGINAL LAWSUIT.**

An amended pleading will relate back to the date of the original complaint in one of three instances. 15(c) Fed. R. Civ. Pro. Rule 15(c) allows an amended complaint to relate back to the original complaint when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, **or**
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, **or**
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such

>    notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id*. (emphasis added)

The moving party must also show that the non-moving party had notice and the new and old parties share an identity of interests. *See Williams v. U.S.*, 405 F.2d 234, 237 (5th Cir. 1968). The notice requirement is a two-part inquiry, which requires notice of the same events and "fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in." *Id*.

**A. The amended pleading should relate back to the original complaint because both involve the same transaction or occurrence.**

On June 10, 2003, the defendant, Joseph Borg of the Alabama Securities Commission, issued a Cease and Desist Order to the original Plaintiffs and other members of Wealth Builders. Plaintiff Terry Harris was the founder WBI. According to the attached Affidavit of Terry Harris, the Cease and Desist Order froze WBI accounts. (Exhibit 1). These accounts held stock options whose value increased or declined based on the timing of trading. Since they were liquidated in a wholesale fashion, without regard to loss, WBI and its members suffered huge financial losses. When Mr. Harris, nor anyone else, had access to the stock options, they did expire. This seizure by Defendant, Borg, resulted in substantial financial losses of approximately $1.6 million.

WBI suffered financial losses from this same Cease and Desist Order issued by defendant, Joseph Borg. WBI and Plaintiffs Harris and Woford were injured from an unlawful taking involving the same time frame and the same defendant conduct. Therefore, the

amendment involves the same transaction or occurrence as the original complaint and this requirement is satisfied.

      **B. The amended pleading should relate back to the original complaint because the new and old plaintiffs share and identity of interests.**

Plaintiff Harris is the President and CEO of Networker 2000.com and had an interest in Wealth Builder International. Plaintiff Watford is an independent representative of Networker 2000.com and had an interest in Wealth Builders International. WBI is an unincorporated association. WBI and WBI, LLC have the same members. All parties were injured by the Defendant's Order to Liquidate and subsequent Cease and Desist Order.

      **C. The amended pleading should relate back to the original complaint because the defendant had timely notice of the original claim.**

Defendant received notice of the claims of WBI, LLC and WBI at the time of service of the original complaint.

**III. This Court should grant the Plaintiff's Second Motion to Amend under Rule 17(a) of the Federal Rules of Civil Procedure because Wealth Builders International is the real party in interest and the amendment relates back to the original complaint.**

      **A. Wealth Builders International is the real party in interest.**

Rule 17 of the Federal Rules of Civil Procedure discusses parties who are entitled to sue or be sued. *Fed. R. Civ. Pro*. In determining a person or entity's right to sue or be sued, the threshold question is whether the person or entity is the real party in interest. 17(a) *Fed. R. Civ. Pro*. Real Party in Interest is defined as "the person who possesses the rights sought to be enforced." *Greer v. O'Dell*, 305 F.3d 1297, 1303 (11th Cir. 2002). The identity of this person must be decided under the substantive law of the jurisdiction. *Id*. To establish Real Party in Interest status, the party must "allege facts sufficient to reveal that he suffered an injury, that the

injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit." *Seckler v. Star Enterprise*, 124 F.3d 1399, 1406 (11thCir. 1997).

WBI Investment Club is the real party in interest because it had the primary an interest in the funds frozen and seized by Borg and is entitled to enforce the rights to those funds. The Complaint alleges that when Borg froze the WBI trade accounts and forced WBI to liquidate those accounts, the members of WBI incurred losses of approximately $1.6 million.

Furthermore, recognizing WBI as the real party in interest and allowing it to be added as a plaintiff would create a degree of finality. The interests of the defendant would best be served by settling all claims related to the defendant's decision to freeze and seize funds belonging to WBI.

**B. The amended pleading adding Wealth Builders International as the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure relates back to the original complaint.**

When a real party in interest subsequently joins the litigation that was commenced by a timely complaint, "the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred." *Hess v. Eddy*, 689 F.2d 977 (11th Cir.1982), cert. denied, 462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983).

Plaintiffs Harris and Watford timely filed the Original Complaint against Defendant Borg. WBI and WBI, LLC are the real parties in interest in this matter and seek to be added as parties by Plaintiffs' Motion to Amend. Because they are the real parties in interest and the original complaint was timely filed, this Court should grant Plaintiffs' Motion.

## CONCLUSION

WHEREFORE, based on the foregoing assertions, Plaintiffs respectfully request that the Motion to Amend be granted.

Respectfully submitted,

**Plaintiffs Request Oral Argument**
/s/ Henry L. Penick
Henry L. Penick
H.L. Penick & Associates, P.C.
319 17th Street, North - Ste. 200
P.O. Box 967
Birmingham, AL 35201-0967
(205) 252-2538

## CERTIFICATE OF SERVICE

I hereby certify that I have filed through Electronic Filing a copy of the above Brief on this the 2nd day of January, 2007 on the following:

Bruce Downing
CHAPELL & HOWARD, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102-2069

/s/ Henry L. Penick