IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY HARRIS and ) | |
| DOROTHY WATFORD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-01083-WKW |
| ) | |
| JOSEPH BORG, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is Terry Harris and Dorothy Watford's ("Plaintiffs") Motion to Amend Complaint (Doc. # 35). For the reasons that follow, the Motion is DENIED.

In their initial Complaint, Plaintiffs aver that Joseph Borg ("Defendant" and sometimes referred to as "Borg") violated their constitutional rights and the rights of a class of individuals having an interest in Networker 2000.com and Wealth Builders International, L.L.C. ("WBI") by issuance of a Cease and Desist Order. On August 10, 2006, Defendant filed his Motion to Dismiss Class Action Claims based upon lack of discovery proffered by Plaintiffs' counsel in support of class certification. The parties were ordered to brief their position on Defendant's motion. Plaintiffs' brief was due September 1, 2006. After receiving a conclusory affidavit from Plaintiff Harris on September 22, 2006, rather than receiving the requested brief in support of class certification, the court granted Defendant's Motion to Dismiss Class Action Claims under the guidance of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs were ordered to "file an amended complaint (reflecting *only* that the class allegations have been stricken) on or before November 9, 2006." (Doc. # 28) (emphasis added). On November 9, 2006, Plaintiffs filed a First Amended Complaint

reflecting the removal of the class. On December 11, 2006, Plaintiffs filed their Motion to Amend Complaint, which was effectively a motion seeking leave to file a second amended complaint. Both parties have fully briefed the validity of Plaintiffs' Motion to Amend.

"Fed. R. Civ. P. 15(a) governs amendments to pleadings and provides that after a responsive pleading has been filed, subsequent amendments are permitted only with leave of the court. The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984)). "In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (*citing Foman v. Davis*, 371 U.S. 178 (1962)). The Eleventh Circuit has held that Rule 15 governs a motion for leave to amend pleadings filed *within* the time limits imposed by a court's scheduling order. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). However, the standard of Rule 16(b) of the Federal Rules of Civil Procedure applies to a motion for leave to amend the pleadings filed *outside* of a court's scheduling order. *See Sosa*, 133 F.3d at 1419.

On May 12, 2006, an Uniform Scheduling Order was entered that established July 25, 2006, as the deadline for the parties to file motions to amend the pleadings or add parties. The Motion to Amend Complaint currently before the court was filed a full four months after the deadline imposed by the Scheduling Order. Having found that Plaintiffs' Motion to Amend was filed after the Scheduling Order deadline, the court must determine whether the Plaintiffs have met the Rule 16(b) standard for modifying the Scheduling Order.

Rule16(b) explicitly states that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b) The main

inquiry under the good cause standard is the diligence of the movant in meeting the deadlines imposed by the scheduling order. *See, e.g.*, *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279 (M.D. Ala. 2004); *Sosa,* 133 F.3d at 1418 (holding that the good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension").

Plaintiffs' Brief does not address the standard embodied in Fed.R.Civ.P. 16(b) nor does it suggest cause as to why the proposed Amendment should be granted. Notwithstanding Plaintiffs' incomplete brief, the proposed Amended Complaint is essentially an attempt to resurrect the original purported class of 980 investors by attempting to add WBI, a *de facto* LLC, and Wealth Builders International Investment Club ("WBIIC"), an unincorporated association, to Plaintiffs' Complaint. *See Earlie v. Jacobs*, 745 F.2d 342 (5th Cir. 1984) (affirming the district court's denial of plaintiff's motion to amend her complaint when, among other things, the amended complaint was an attempt to circumvent the district court's denial of a jury trial). Plaintiffs admit in their Brief in Support of Motion to Amend Complaint that "[a]ll of the potential plaintiffs for a class action lawsuit were members of WBI." (Pl.'s Br. 4.) Plaintiffs also admit that no facts have changed since their original complaint was filed and that their Motion to Amend was submitted in response to the denial of class certification. Plaintiffs could have included WBI and WBIIC in their original complaint or could have more diligently sought class certification as to the 980 members allegedly affected by the Defendant's actions. However, Plaintiffs now wish to add these 980 members of a class under the

3

umbrella of a *de facto* LLC and an unincorporated association.[1] The aforementioned factors do not constitute good cause to amend the Scheduling Order.

A tactical gambit to circumvent class certification does not constitute a proper reason for amendment of pleadings. To allow this amendment would render the class certification process of Rule 23 meaningless. Further, the addition of WBI and WBIIC at this late date would also prejudice the Defendant and disrupt the timely disposition of this case.

The Plaintiffs have not met the good cause standard embodied in Rule 16 to justify amending the Scheduling Order. Therefore, it is ORDERED that Plaintiff's Motion to Amend Complaint is **DENIED**.[2]

Done this 13th day of March, 2007.

                                         /s/   W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have not proffered any evidence indicating that the LLC in question is *de facto*. Plaintiffs point to no statutory or case law authority holding that a LLC can have *de facto* status. Further, Plaintiffs have offered nothing establishing the legal status of the unincorporated association that they seek to add as a party plaintiff.

[2] The court also has reservations as to whether a conflict of interest exists as to the potential joinder of WBI and WBIIC. There is evidence indicating that Plaintiff Harris pled guilty to securities violations. If these violations were committed by Plaintiff Harris against the interests of WBI and WBIIC, then the appearance of a conflict of interest with the joinder of WBI and WBIIC should be of concern.