**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO.:  2:05CV1083-WKW** |
| **JOSEPH BORG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENLARGE TIME

The Defendant, Joseph Borg, recognizes the Court's authority to grant Plaintiff's Motion to Enlarge Time if it deems it appropriate to do so. However, the Defendant feels obliged to respond to several of the Plaintiff's allegations in his motion.

1.      **Harris alleges that he has a meritorious defense to Defendant's Motion for Summary Judgment [Motion Paragraph 3].**

Defendant contends that this averment cannot have been made in good faith. As is fully set out in Defendant's motion, the crux of Plaintiff's claim is that a cease and desist order, issued by the Alabama Securities Commission (not the Defendant) caused Plaintiff to liquidate trading positions and suffer damages. This claim involves a logical impossibility since the order in question came long after the positions were liquidated. Further, the Plaintiff is pursuing claims that, in his unsuccessful attempt to amend his pleadings [Doc.53], he asserted belonged to other persons. Finally, Plaintiff has never asserted any action on the Defendant's part that was not within the Defendant's official duties and protected by his entitlement to qualified immunity. If the Court grants Plaintiff's Motion to Enlarge, Defendant will urge that the Plaintiff's improper averment of meritorious defenses provides grounds why Defendant should be granted relief under Rule 11 of the Federal Rules of Civil Procedure.

**2.     Harris alleges that the Defendant was allowed to file his Motion for Summary Judgment more than seven months after the deadline set in the Uniform Scheduling Order [USO].**

At least this allegation is literally true, but it wholly misrepresents the Plaintiff's role in rendering that Order ineffective.

a.     The Plaintiff's complaint [Doc. 1] contained class action allegations. Mr. Harris proposed to represent a class of investors as to which he had been indicted for securities violations.

b.     The USO, issued on May 12, 2006 [Doc. 21], ordered that the Plaintiff file a Motion for Class Certification on or before August 9, 2006.

c.     When Plaintiff failed to do so (LATE), Defendant moved to dismiss those claims [Doc.22].

d.     Despite the fact that the time for seeking certification of a class had passed, the Court gave the Plaintiff until September 1, 2006 to provide a brief and evidentiary materials [Doc. 23].

e.     It is true that Plaintiff did not request an extension of that date [See, Plaintiff's averment that this is his first request for an extension, Motion to Enlarge Time, Paragraph 7]. He simply ignored the date for his submission and filed an affidavit in support of his class allegations, without the required brief (NON-COMPLIANCE), *twenty-one days late* (LATE)[Doc.25].

f.     Plaintiff filed this response less than a month before the date the USO originally set for dispositive motions. Prior to the date for his dispositive motion , Defendant asked the Court for a revised USC asserting that the pleadings were not settled enough for the Defendant to file a dispositive motion [Doc. 27].

g.      The Court dismissed the class claims [Doc. 28] due to Plaintiff's multiple non-compliance with its Order to respond to Defendant's Motion to Dismiss [Doc.23] and ordered the Plaintiff to file an amended complaint "reflecting only that the clas*s* allegations have been stricken." The Court also ordered that a status conference be held on Nov. 13, 2006.

h.     On November 9, 2006, Plaintiff filed an "Amended Answer" that did not reflect only that the class allegations had been stricken and amended Plaintiff's allegations in other unauthorized ways (NON-COMPLIANCE)[Doc 29].

i.    It is true that Plaintiff did not request an extension of the November 13, 2006 status conference, *he simply failed to appear* (NON-COMPLIANCE). The Plaintiff was held to account for his failure to appear, and the Court rescheduled the status conference for December 11, 2006.

j.    On the Friday before the status conference, the Plaintiff filed a Second Amended Complaint [Doc. 33]. This complaint also failed to comply with the Court's instructions and sought to add three additional plaintiffs (NON-COMPLIANCE).

k.    The defendant moved to dismiss all complaints and to strike the newly added parties [Doc.34].

l.    The Plaintiff filed a Motion to Amend his complaint to add three additional parties [Doc. 35] on December 11, 2006.

m.    The Court held the rescheduled status conference on December 11, 2006 and ordered the Plaintiff to file a brief in support of his Motion to Amend by January 2, 2007[Doc. 37].

n.    Plaintiff filed his brief and the Defendant responded and on March 13, 2007, Plaintiff's Motion to Amend was denied [Doc. 44]. Thus, it was not until March 13, 2007, *almost four months after the date for the dispositive motions in the original USO*, that the question of what allegations were before the Court and what the Defendant had to defend were answered. This was because the Plaintiff had filed a frivolous and unsupportable claim for class treatment, had amended and re-amended his complaint without authority of the Court, had sought to add new parties as a pseudo-class action and had delayed the proceeding by late filings and non-attendance with Court-ordered conferences.

Once the question of the necessity for new deadlines for dispositive motions arose, and the Court ordered those new deadlines [Doc. 49]. As usual, the Defendant complied with the Court's order and filed a timely Motion for Summary Judgment [Doc. 50-1] and the Plaintiff did not (NON-COMPLIANCE).

**3.    Harris alleges that this is the first extension he has requested.**

This is true, but he is requesting an extension after his time to respond has expired. As set out above, this is at least the third time he has failed to follow deadlines set by the Court, and his failure is part of a pattern of non-compliance with Court orders and inattention to his claim.

Respectfully submitted,


 s/Bruce J. Downey, III
BRUCE J. DOWNEY, III
Attorney for Defendant
Joseph P. Borg, Esq.

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:(334) 241-8000
Facsimile: (334) 323-8888

Jane Brannan, Esq.
The Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL 36130-4700
(334) 353-4690

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of June, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Henry L. Penick, Esq.
H.L. Penick & Associates, P.C.
P.O. Box 967
Birmingham, AL 35201-0967


 s/Bruce J. Downey, III
OF COUNSEL