**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO.: 2:05-CV-1083-WKW** |
| | ) | |
| **JOSEPH BORG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO ENLARGE TIME TO FILE RESPONSE**

**COMES NOW** the plaintiff and moves this court to enlarge the time for filing plaintiff's response by eight (8) calendar days**,** up to and including June 28, 2007 and, concomitantly to extend the time for defendant to file his reply by eight (8) calendar days, up to and including July 9, 2007. As grounds for said motion, plaintiff says as follows:

 1.  Plaintiff inadvertently docketed the date for his reply for June 27, 2007.

 2.  The oversight was caused by the parallel cases in which the parties are involved wherein the plaintiff is the defendant in the criminal enforcement action.  A secretary of plaintiff's counsel misunderstood Mr. Harris to be the defendant, herein, and docketed the date of response as July 27, 2007, the date given for the defendant, herein, to reply.

 3.  Plaintiff completed his brief and exhibits prior to the midnight deadline of June 27, 2007; however, had difficulty achieving electronic filing.

 4.  As plaintiff attempted to file the response and exhibits, he encountered an "error" message which he nor his secretaries comprehended.

 5.  Through trial and error, it was discovered that the size of the response, approximately

85 pages, was causing systems failure.

      6.  Plaintiff's counsel filed the complete response at 2:26 a.m. on June 28, 2007, and later learned from the case management clerk that the problem with electronic filing was complicated by multiple electronic reproduction of exhibits.

      7.  It is in the best interest of fairness that plaintiff be allowed to enlarge the time to include June 28, 2007, to file his response, since defendant was allowed to file this Motion for Summary Judgment more than seven (7) months after the deadline for filing summary judgments and without moving the court to alter the Uniform Scheduling Order.

      8.  Defendant's counsel has been working on the issue of immunity and qualified immunity, the subject of the Motion for Summary Judgment, since November 9, 2006, more than seven months.  (Document 31, p.1).  On the other hand, plaintiff has utilized twenty-eight (28) calendar days to respond.

      9.  This and plaintiff's pending Motion to Enlarge Time constitutes the only request for enlargement of time.

                                      Respectfully submitted,

                                      /s/ Henry L. Penick
                                      Henry L. Penick
                                      Attorney for Plaintiff
                                      H. L. Penick & Associates, P.C.
                                      319 17th Street North, Suite 200
                                      P.O. Box 967
                                      Birmingham, AL 35201-0967
                                      (205) 252-2538

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served on this the 28th day of June, 2007, by e-filing same to the following:

Bruce Downey, III
Capell & Howard, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102-2069

                                                             /s/ Henry L. Penick