**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO.: 2:05CV1083-WKW** |
| **JOSEPH BORG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO ENLARGE TIME (DOC. 55)**

After filing his untimely Response to Defendant's Motion for Summary Judgment, Plaintiff has now filed a second Motion to Enlarge Time [Doc. 55]. Defendant feels compelled to briefly respond to new "justifications" for his untimely response offered by the Plaintiff in that motion.

1. Plaintiff avers that "defendant's counsel has been working on the issue of immunity and qualified immunity, *the subject of the Motion for Summary Judgment*, since November 9, 2006, more than seven months (document 341, p.1). On the other hand, *plaintiff has utilized twenty-eight (28) calendar days to respond.* [Emphasis added, Doc. 55 paragraph 8]." This assertion is twice wrong.

a. Defendant is entitled to summary judgment based on multiple grounds (which are set out in the motion and not belabored here) and immunity is only one of the "subjects" of Defendant's motion. Also, Plaintiff has had a great deal more than twenty-eight days to consider his response to Defendant's immunity defenses. Without conceding that Plaintiff has, in fact, responded to Defendant's defense of immunity in any substantive way, Defendant reminds the Plaintiff that Defendant asserted his immunity defenses with his original response to Plaintiff's Complaint [Doc. 10, II Additional Defenses, 2, p. 3]. This response was made on December 21, 2005. Thus, Plaintiff has had nineteen months to prepare for those defenses. If he chose to utilize only twenty-eight days of those nineteen months, it is hardly anyone's fault but his.

b. Defendant repeats his canard that Defendant was allowed to file his motion for summary judgment seven months after the deadline had passed and adds, also incorrectly, that the Defendant did not move the Court to alter the deadline for that motion. The question of on whom the responsibility for the delay rests has been set out in Defendant's Response to Plaintiff's first Motion to Enlarge [Doc. 53, paragraph 2]. As to the new allegation that Defendant did not move to alter the dispositive motion deadline, Plaintiff baldly makes that assertion in the face of a pleading that was pointed out to the Plaintiff in Defendant's recent Response to his first Motion to Enlarge [Doc. 53, 2(f)]. In that Response, Defendant stated:

> "f. … Prior to the date for his dispositive motion, Defendant asked the Court for a revised USC [Uniform Scheduling Order] asserting that the pleadings were not settled enough for the Defendant to file a dispositive motion," [Referring to Doc 27, Defendant's "Motion for a Status Conference and a Revised Uniform Scheduling Order"].

The Defendant's averment that the pleadings were not sufficiently settled for dispositive motion was never contested by the Plaintiff. Further, the existence of Defendant's immunity defenses was one of the grounds that Defendant asserted in his request that the scheduling order be revised [Document 27, Paragraph 3 c]. Plaintiff's convenient lack of memory of a motion that included a request for a revised Uniform Scheduling Order in its title *and of which the Plaintiff was reminded five days ago* in Defendant's Response, should not be countenanced by the Court.

Defendant asks the Court to note that Plaintiff's second Motion to Enlarge does not contain an averment that was made in his first Motion to Enlarge— an averment that Plaintiff has a meritorious defense to Defendant's Motion for Summary Judgment. In his first Motion to enlarge, Plaintiff made that averment. In Defendant's Response to that first Motion, Defendant suggested that such an averment could not have been made in good faith. Plaintiff has apparently abandoned that contention.

In both of his Motions to Enlarge, Plaintiff has attempted to assert that what-he-tries-to-characterize-as instances of non-compliance by the Defendant were excused by the Court. This is a transparent attempt to justify Plaintiff's persistent failure to comply with the Court's orders. Those characterizations are false and disingenuous. The simple fact is that the Defendant has complied with all of the Court's orders, and the Plaintiff, almost none. Plaintiff's most recent

Motion to Enlarge, like his prior Motion to Enlarge, should be denied. If the Court allows the Plaintiff's Response to Defendant's Motion for Summary Judgment, the Defendant asks that he be given the chance to reply unless the Court determines that no response is necessary.

Respectfully submitted,

**s/Bruce J. Downey, III**
BRUCE J. DOWNEY, III
Attorney for Defendant
Joseph P. Borg, Esq.

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone:(334) 241-8000
Facsimile: (334) 323-8888

Jane Brannan, Esq.
The Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL 36130-4700
(334) 353-4690

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of July, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Henry L. Penick, Esq.
H.L. Penick & Associates, P.C.
P.O. Box 967
Birmingham, AL 35201-0967

**s/Bruce J. Downey, III**
OF COUNSEL