### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRY HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.: 2:05-CV-1083-WAW** |
| | ) | |
| **JOSEPH BORG,** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the plaintiff and moves this court to reconsider its granting of defendant's Motion for Summary Judgment on the following grounds:

1. The decision is contrary to law and facts.

2. It is undisputed that Harris requested a formal hearing before the Commission, as provided by §8-6-32, Code of Alabama (1975). (Doc. #54, Pl.'s Resp., Ex. 6)

3. The hearing referenced by the Court, which it contends Harris failed to reschedule was an informal hearing. (See Doc. #39, Exhibit 3; Opinion P. 11). Section 8-6-32 of the Code of Alabama (1975) entitles the plaintiff to a formal hearing pursuant to the provisions of the Alabama Administrative Procedures Act (§41-22-1 et s eq.), because he was a "person aggrieved by an order issued under this article."

4. Section 41-22-12 affords such an aggrieved person a formal hearing in which "opportunity shall be afforded to all parties to respond and present evidence and argument on all material issues involved and to be represented by counsel at their own expense." (§41-22-12(e)).

Informal disposition is only arrived at by agreement of the parties. (§41-22-12(f)). There was no such agreement in this case.

    5. At no time did the Commissioner afford Harris the formal hearing required by statute.

    6. Procedural and substantive due process applies not only to the physical taking, but also the restraint of "liberty interest." See *Shoals v. Morgan*, 40 F. Supp. 2d 1345, 1355 M.D. Ala. (1999). It is undisputed that even before the taking of the funds, John M. Foley, Manager of Investigations, for the Alabama Securities Commission (hereinafter "ASC") sent Charles Schwab and Company, Inc. (hereinafter "Charles Schwab), a letter that "outline[d] the ASC's plan for liquidating the positions held by Wealthbuilders International, Inc." (Doc. #54, Pl.'s Resp., Ex. 7). This letter was sent on April 1, 2003, six months prior to the agreement signed by Harris on behalf of WBI. After this letter, Schwab froze the accounts prohibiting trading. (Doc. #54, Pl.'s Resp., Ex. 1, P. 83). It was this prohibiting of trading of volatile stock options that caused the losses. ( *Id.*)

    7. This Court incorrectly concludes that Harris has no interest in the WBI funds. This conclusion is contrary to the evidence and conduct of the parties. The ASC required Harris to sign the agreement regarding WBI's funds as Founder of WBI. (Doc. #54, Pl.'s Resp., Ex. 5). It is undenied that Harris had a financial interest in the continued operation of WBI, whether or not he had actual funds invested in WBI. This Court incorrectly concludes that, since Harris testified that he "had absolutely no control over what happened with Wealthbuilders International," that such is equivalent to not having a financial interest in WBI, as an ongoing entity. His financial stake in WBI, like the ownership of any business is a legally protected interest.

    8. The actions of the Commissioner destroyed Harris' value in WBI and, consequently,

2

constitute an illegal "taking" for purposes of the Taking Clause of the Fifth Amendment.

Based on the foregoing arguments and authorities, the decision of this Court is contrary to the facts and law presented and should be reversed.

Respectfully submitted,

/s/ Henry L. Penick
Attorney for Plaintiff
H. L. Penick & Associates, P.C.
P.O. Box 967
Birmingham, AL 35201-0967
Telephone: (205) 252-2538
Fax: (205) 251-0231

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been e-filed this the 15th day of October, 2007, to the following:

Bruce J. Downey, III
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL  36102-2069

/s/ Henry L. Penick